Filed 1/21/22  P. v. Ladd CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B310257 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. VA137375 |
| v. | |
| VICTOR GUADALUPE LADD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court for the County of Los Angeles.  Joseph R. Porras, Judge.  Reversed and remanded.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## SUMMARY

We reverse the trial court's summary denial of a recommendation of the secretary of the California Department of Corrections and Rehabilitation (CDCR) to recall the sentence of and resentence defendant Victor Guadalupe Ladd. We remand for reconsideration in accordance with statutory changes that went into effect on January 1, 2022.

## FACTS

In October 2020, the secretary of the CDCR recommended a recall of sentence and resentencing for defendant under then-effective Penal Code section 1170, subdivision (d)(1). (All statutory references are to the Penal Code.) That statute authorized a court, at any time after receiving a recommendation from the secretary, to recall an inmate's sentence and resentence that inmate to a lesser sentence.

Defendant was convicted, under a plea agreement, of second degree robbery, enhanced for the use of a firearm, and two counts of second degree burglary. He was sentenced to 14 years four months, and his earliest possible release date is February 11, 2026. The secretary pointed out that courts are now empowered with discretion to strike or dismiss a personal use firearm enhancement at sentencing or resentencing, in the interest of justice, and recommended resentencing.

In November 2020, the trial court summarily "read, considered and denied" the request.

Defendant appealed, arguing the trial court abused its discretion in declining to follow the CDCR's recommendation, and asserted the trial court's summary denial violated due process and equal protection principles.

While defendant's appeal was pending, the Legislature enacted and the Governor signed Assembly Bill No. 1540 (AB 1540; 2021-2022 Reg. Sess.). Among other things, AB 1540

2

moved the recall and resentencing provision of then-section 1170, subdivision (d)(1), to a new section 1170.03, and revised its terms. Section 1170.03 went into effect on January 1, 2022. (Stats. 2021, ch. 719, § 3.1.)

Section 1170.03 requires a trial court to provide notice to the defendant when the secretary of the CDCR (or other specified persons) issues a resentencing request (*id.,* subd. (b)(1)); to hold a status conference (*ibid.*); to appoint counsel (*ibid.*); to hold a hearing, unless the parties stipulate to resentencing without a hearing (*id.,* subd. (a)(7) & (8)); and to state on the record the reasons for its decision (*id.,* subd. (a)(6)). Among other provisions, the amended statute also requires the court to "apply any changes in law that reduce sentences or provide for judicial discretion" (*id.*, subd. (a)(2)), and provides a presumption favoring recall and resentencing, "which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety" (*id.,* subd. (b)(2)).

## DISCUSSION

In his respondent's brief, filed after the Governor signed the new legislation, the Attorney General pointed out the significant alterations AB 1540 made in the recall and resentencing provisions of section 1170. The Attorney General contends we should reverse the trial court's order and remand for reconsideration of the CDCR's recommendation in accordance with the new legislation now in effect. Defendant agrees, but contends we should further find that AB 1540 applies to his case in any event because "it is a mere clarification of existing law and is ameliorative in nature," and that even if the new law does not apply to his case, he was entitled to due process protections under the former law.

We see no reason to address claims of constitutional violations under the former statute or retroactivity under the

3

new statute.  The new legislation is now in effect, and whatever we might say on any of the issues defendant raises will be of no practical effect.  The fair and efficient administration of justice requires reversal and remand now, and without further discussion of theoretical issues.

## DISPOSITION

The order is reversed and the cause is remanded to the trial court with instructions to reconsider the CDCR's request for recall and resentencing in accordance with the requirements of Penal Code section 1170.03.

GRIMES, Acting P. J.

WE CONCUR:

STRATTON, J.

HARUTUNIAN, J.*

---

*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.